90 N.J. Super. 61 (1966)
216 A.2d 242
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LEHEL TELEK, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1966.
Decided January 10, 1966.
*62 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. H. Frank Pettit argued the cause for appellant.
Mr. Leslie P. Glick, Assistant Prosecutor, argued the cause for respondent (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
PER CURIAM.
Defendant was convicted in the County Court on four counts of embezzlement, one count of larceny and one count of conspiracy. Three of the embezzlement counts charged that defendant, being an employee of Merck & Co., Inc., did within certain specified periods "embezzle and, with intent to defraud, retain and appropriate for his own use certain written processes and procedures and papers, memoranda, records and reports, pertaining to" various pharmaceutical products "containing secret and highly confidential data * * * the property of the said Merck & Co., Inc., contrary to the provisions of N.J.S. 2A:102-5." One of the counts charged the fraudulent appropriation of "certain papers, memoranda, records and reports containing data and information concerning the uses of Kanamycin" contrary to the provisions of the same statute. The statute provides:
"Any employee, agent, consignee, factor, bailee, lodger or tenant who embezzles or, with intent to defraud, takes money or receives, retains or appropriates to his own use or the use of another, any property or *63 the proceeds of the sale of the same, or any part thereof, belonging to his employer, principal, consignor, bailor or landlord, is guilty of a misdemeanor."
The larceny count charged defendant with stealing a pharmaceutical product of Merck & Co., Inc., N.J.S. 2A:119-2.
The conspiracy count was based on N.J.S. 2A:98-1, commonly referred to as statutory conspiracy, and alleged conspiracy to commit the substantive offenses alleged in the embezzlement and larceny counts.
The broad attack made upon the sufficiency of all of the above stated indictments, and the proofs thereunder, is that the taking of a "trade secret" cannot constitute larceny or embezzlement. However, as the State points out in its brief, the embezzlement counts charge embezzlement with intent to defraud of written processes, procedures, papers, memoranda, etc. Embezzlement of trade secrets is not charged as such, although it is alleged that the documents taken contained secret and highly confidential matter. With respect to the embezzlement, all the State was required to prove was that the various documents were in fact embezzled. The character of the documents for the purpose of the charges, i.e., whether or not they contained trade secrets, was not requisite to proof of guilt. Therefore, we are not called upon to determine whether a trade secret is itself a thing capable of being embezzled.[1]
The larceny count alleged the stealing of a specified pharmaceutical product of value. Whether or not the product constituted a trade secret is utterly immaterial.
We are satisfied that defendant's challenge of the convictions of embezzlement, larceny and conspiracy, based upon his argument that one cannot embezzle, steal, or conspire to embezzle or steal an "idea," is without merit in view of the framework of the counts of the indictment, as above set forth.
Likewise, we find no substance in defendant's claim that he was the victim of an illegal search and seizure and that the *64 warrant for same was issued without probable cause. Moreover, there is ample reason to conclude that defendant's consent to a search made a warrant unnecessary.
Affirmed.
NOTES
[1] N.J.S. 2A:119-5.1 et seq. (L. 1965, c. 52) now makes the embezzlement of an article representing a trade secret a crime.